UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD HARVEY,

    Petitioner,

v.

SHIRLEE HARRY,

    Respondent.

                               /

Case No. 15-cv-12134

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**MEMORANDUM AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

    Clifford Harvey, ("Petitioner"), who is serving a two-year parole term, filed a petition for writ of habeas corpus challenging his state court conviction. After a bench trial, Michigan's Genesee County Circuit Court found the Petitioner guilty of assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. Petitioner received a sentence of 58 to 240 months for the assault conviction and a consecutive two-year sentence for the firearm conviction.

Petitioner's *pro se* pleading is difficult to interpret. As best as the Court can determine, Petitioner asserts nine claims: (1) the criminal complaint filed in his case was not signed and filed on paper; (2) the state court did not acquire jurisdiction over his case because the charging documents did not comply with state law; (3) state actors altered computer entries on the state court docket; (4) there were defects in the arrest warrant; (5) there was a variance between the charging documents and the case; (6) Petitioner's arraignment did not comply with state law; (7) Petitioner was not present at his preliminary hearing; (8) the police and prosecutors perpetrated fraud during the criminal proceedings; and (9) Petitioner was not informed of the charges against him or of his right to remain silent.

Before this Court may reach the merits of any of the Petitioner's claims, the petition will be summarily dismissed because the Petitioner failed to demonstrate exhaustion of available state remedies.

## I. Exhaustion of Remedies

Exhaustion of state remedies requires state prisoners to fairly present all of their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A prisoner is required to comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v.*

*Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Exhaustion is satisfied when a prisoner "invoke[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). "It is the [P]etitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In Michigan, ordinary appellate review procedure requires prisoners to appeal trial court decisions to the Michigan Court of Appeals and also to the Michigan Supreme Court before seeking federal habeas corpus relief. *See generally Delisle v. Rivers*, 161 F.3d 370, 381 (6th Cir. 1998). Therefore, to satisfy exhaustion in Michigan, the Petitioner must demonstrate that he invoked review in the Michigan Court of Appeals *and* in the Michigan Supreme Court.

In this case, Harvey failed to invoke a complete round of appellate review. Petitioner describes numerous alleged errors performed by the Genesee County Circuit Court. Also, Petitioner recites the various petitions and exhibits that he filed with this Court. However, absent from Harvey's petition is any mention that

he appealed the trial court's decisions to either the Michigan Court of Appeals or the Michigan Supreme Court, as required to exhaust state remedies.

A review of Michigan Court records indicates that, in 2012, the Petitioner did file a direct appeal of his convictions with the Michigan Court of Appeals. His 2012 appeal appears to have raised two claims: (1) denial of his right to a speedy trial, and (2) a sentencing guidelines error. The Petitioner does not raise either of those two claims in his current application for habeas relief. In 2012, The Michigan Court of Appeals affirmed Petitioner's convictions, but it remanded the case for resentencing. *People v. Harvey*, No. 306303 (Mich. Ct. App. Nov. 20, 2012). Michigan Court records indicate that the Petitioner never appealed the Michigan Court of Appeal's decision to the Michigan Supreme Court. Therefore, although the Petitioner did file a direct review of his speedy trial and sentencing guidelines claims, he did not exhaust state remedies with regard to those two claims because he failed to pursue review in the Michigan Supreme Court.

Also, for the nine habeas claims, Petitioner again failed to invoke a complete round of appellate review. The Michigan Constitution grants "an appeal as a matter of right" in every criminal prosecution. MICH. CONST. Art. 1, § 20 (preempted on assistance of counsel grounds by *Bulger v. Curtis*, 328 F. Supp. 2d 692 (E.D. Mich. 2004)). If an appeal of right is not available, the Petitioner can file a motion for relief from judgement in the state trial court, pursuant to Michigan Court Rule

6.502. If that motion is denied, the Petitioner may seek review by the Michigan Court of Appeals and the Michigan Supreme Court by filing an application for leave to appeal. *See* Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. In this case, Petitioner fails to demonstrate that he attempted to bring his nine habeas claims on direct review, or via motion for relief from judgement, or by a leave of appeal to the Michigan Court of Appeals or the Michigan Supreme Court. Therefore, because the Petitioner failed to invoke a complete round of appellate review with regard to his nine habeas claims, the Petitioner fails to prove exhaustion of state court remedies.

There is no evidence or suggestion that the Petitioner ever attempted to seek review of his current convictions with the Michigan Supreme Court. The Court will dismiss the petition without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

## II.      Certificate of Appealability

Petitioner is in state custody and seeks habeas relief in federal court, therefore 28 U.S.C. § 2254 applies. In cases involving a petitioner under 28 U.S.C. § 2254, "the district court must issue or deny a certificate or appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. An appeal of a habeas proceeding may not proceed unless a certificate of appealability ("COA") is issued. FED. R. APP. P. 22.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may be issued if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may be issued only if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Id.* at 484–85.

This case is denied on procedural grounds. The Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. Furthermore, leave to appeal in forma pauperis will be denied because any appeal of this order would be frivolous.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to proceed on appeal in forma pauperis is **DENIED**.

s/Gershwin A. Drain  
Gershwin A. Drain  
United States District Court

Dated: September 12, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **September 12, 2016.**

s/Teresa McGovern  
Teresa McGovern  
Case Manager Generalist